John A. ADDISON, Appellant-claimant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner and David L. Adams, as Members of and as constituting the Review Board of the Indiana Employment Security Division and Clark Oil Company, Clermont Branch, Appellees-respondents.

No. 2–479A116.

Court of Appeals of Indiana, Fourth District.

March 18, 1980.

Tony H. Abbott, Yeager, Foley, McLin & Cutter, Indianapolis, for appellant-claimant.

Nathaniel Ruff, East Chicago, Gregory Hahn, Dillon, Hardamon, Cohen, Indianapolis, for appellees-respondents.

CHIPMAN, Judge.

Appellee Review Board of the Indiana Employment Security Division (Review Board) filed a motion with this court requesting we vacate our previous opinion and then dismiss appellant's appeal. The sole basis for this motion is the fact appellant failed to serve copies of his briefs on the Attorney General of Indiana as "proper counsel for the Review Board."

We deny the motion of the appellee Review Board.

Appellant Addison appealed from an adverse ruling of the Review Board and on December 17, 1979, this court vacated the decision of the Board and remanded for a new hearing. *Addison v. Review Board of Indiana Employment Security Division*, (1979) Ind.App., 397 N.E.2d 1037.

Appellant Addison served copies of his briefs and related documents on counsel of record for appellee Clark Oil Company and on the Review Board but admittedly not on the Attorney General of Indiana. The Review Board, for the first time represented by the Attorney General's Office, now contends Ind.Code 22–4–35–1 makes the Attorney General the proper counsel for the Review Board. This section of the Code provides:

In any civil action to enforce the provisions of this act [22–4–1–1—22–4–38–3] the [Review] board and the state may be represented by any qualified attorney who is a regular salaried employee of the board and is designated by it for this purpose or at the board's request, by the attorney-general of the state of Indiana.

. . .

The statute, which is a part of the Employment Security Act, clearly allows the Review Board to either hire an attorney who is qualified and a regular salaried employee of the Board or to make use of the services of the Attorney General of Indiana. Under the facts of this case appellant Addison could not know at the time of filing his brief on appeal who would represent the

Review Board and therefore followed the only avenue available and that was to serve the Review Board with copies of his briefs. It would then be necessary for the Review Board to decide whether to make use of the Attorney General's office or one of their own attorneys. In this case it apparently elected to use neither until after our opinion of December 17, 1979. The Review Board cannot wait until an opinion has been rendered and then decide to obtain counsel in order to present its position in cases appealed from the Board.

Appellee Review Board's motion to reconsider, vacate opinion and to dismiss this appeal is now denied.

MILLER, P. J., and YOUNG, J., concur.