Robert J. TAUTERIS, Sr., Appellant,

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Seneca Petroleum Company, Appellees.**

**No. 2–1079A306.**

Court of Appeals of Indiana, Third District.

Sept. 22, 1980.

Kevin B. McGrath, Legal Services Program of Northern Indiana, Inc., Michigan City, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellees.

STATON, Judge.

Robert J. Tauteris, Sr. appeals from a decision of the Review Board of the Indiana Employment Security Division affirming the referee's denial of benefits under the Indiana Employment Security Act. On appeal, Tauteris raises three issues for our consideration:

(1) Was the use of the "split hearing" procedure violative of his rights to due process and equal protection?

(2) Did the referee fail in his duty to develop the record so as to protect the interests of both parties?

(3) Did the employer sustain his burden of proof?

We affirm.

## I.

### Split Hearing

Tauteris, employed as a truck driver by Seneca Petroleum Company, was discharged soon after a truck which he had been driving was involved in a serious traffic accident. An initial determination that Tauteris had been discharged by his employer, but not for just cause, had allowed him to begin drawing unemployment benefits. Seneca appealed this determination.

On June 29, 1979, Tauteris received a Notice of Referee Hearing to be held in Gary, Indiana on July 9, 1979. It stated

"SPLIT HEARING ONLY EMPLOYER NEEDS TO APPEAR." This hearing was conducted on the date indicated and only the representative of the employer appeared. On July 24, 1979, Tauteris received a Notice of Referee Hearing to be held in Logansport, Indiana on July 31, 1979. It noted "SPLIT HEARING ONLY CLAIMANT NEED APPEAR." Tauteris, however, failed to appear at this hearing.

On August 3, 1979, the referee reversed the Deputy's initial determination of eligibility and found that Tauteris had been discharged "for just cause in connection with the work." On appeal, the Review Board affirmed the decision of the referee and adopted his findings and conclusions.

Tauteris contends that the use of the "split hearing" procedure violated his due process and equal protection rights in that he was denied the opportunity to cross-examine his employer and to present evidence on his own behalf.

In view of this Court's recent decision in *Addison v. Review Bd. of Ind. Employment Sec.* (1979), Ind.App., 397 N.E.2d 1037, we would agree with Tauteris's assessment of the constitutional deficiencies of this procedure. In *Addison*, an employee presented evidence before one referee in an unemployment compensation proceeding while his employer later testified before another referee. The first referee then issued findings of fact and conclusions in which a decision as to credibility was a determinative factor. We held there that "where the material issue requires for its resolution a determination of the credibility of witnesses, due process requires a meaningful credibility evaluation by the administrative trier of fact." *Addison, supra,* at 1041. Such an evaluation, in this situation, must be based upon a hearing of all the evidence before the same referee.

Our holding in *Addison* would be dispositive of this appeal were it not for Tauteris's failure to appear at his scheduled hearing. There is neither a request for a continuance nor an explanation in the record as to his absence.[1] He cannot now complain that he was prejudiced by the use of this procedure when it appears that he did not attempt to present any evidence to the referee.

## II.

### Development of the Record

Pointing to the skimpy record on appeal, Tauteris charges that the referee failed in his duty to develop the record for the benefit of both parties. This is not reflected by the record or the split hearing procedure employed.

IC 1971, 22-4-17-3 (Burns Code Ed.) appears to envision a situation in which the same referee who hears the evidence presented by both parties will also be the one who either affirms, modifies or reverses the findings of the deputy. *Addison, supra,* at 1039. Unfortunately, such a procedure was not utilized here.

In the case at hand, one referee was scheduled to take evidence from Tauteris, while yet another was to hear the testimony of his employer. Given the "split" nature of this type of hearing and the expectation that Tauteris would be presenting his evidence at a later hearing, the referee did his best to develop the record. In addition to his direct examination of Seneca's representative, the referee read into the record Tauteris's version of his discharge which had been taken from his written notes. The referee also, on his own motion, included the statements and documents contained in Tauteris's file in the record in order to

1. In his brief on appeal, Tauteris states that he was unable to attend his hearing due to illness and that he had so informed the Logansport office one day prior to the hearing. There is, however, nothing in the record to substantiate these claims. It is the duty of the appellant to

make a proper record. An error alleged, but not revealed by the record, is not a proper subject for our review. *Poxon v. General Motors Accept. Corp. et al* (1980), Ind.App., 407 N.E.2d 1181.

preserve the rights of both parties in the event of an appeal.

Any question as to the completeness of the record is attributable to Tauteris's failure to appear at the hearing at which he was to present evidence. The alleged deficiency of the record is not due to the failure of the referee to fully develop it.

### III.

### Burden of Proof

Tauteris contends that Seneca did not meet its burden in proving that he had acted in a manner which represented a "wanton or willful disregard" for his employer's interest.

The Employment Security Act no longer speaks in these terms, but rather it imposes a penalty upon an employee who has been discharged for "just cause." *Osborn v. Review Bd. of Ind. Employ. Sec. Div.* (1978), Ind.App., 381 N.E.2d 495. Among the grounds for "discharge for just cause," as set forth in IC 1971, 22–4–15–1 (Burns Code Ed., 1979 Supp.) are "unsatisfactory attendance" and "conduct endangering safety of self or coworkers."

To justify a refusal to pay unemployment compensation benefits, an employer must show that the employee was discharged for "just cause." The burden then shifts to the employee. By the introduction of competent evidence of probative value, he must rebut the case made by his employer. *Graham v. Review Board, Etc.* (1979), Ind.App., 386 N.E.2d 699; *Williamson Co. v. Review Bd. of Indiana Emp. Sec. Div.* (1969), 145 Ind.App. 266, 250 N.E.2d 612.

It is a general rule that, as to all questions of fact, the Review Board's decision is conclusive and binding. *Cornell v. Review Bd., of Ind. Empl. Sec. Div.* (1979), Ind.App., 383 N.E.2d 1102. In reviewing a determination of the Review Board, this Court is limited to an examination of that evidence and the reasonable inferences drawn therefrom which support the Board's decision. *Shoup v. Review Bd. of Ind. Employment Sec.* (1980), Ind.App., 399 N.E.2d 771. We will not disturb its factual determination unless reasonable men would be bound to reach a different conclusion on the evidence in the record. *Cornell, supra.*

In the case at hand, the employer's representative testified that Tauteris had been discharged, in part, because of his involvement in the traffic accident in which one person was killed and a truck, "totalled." He further testified that Tauteris's discharge was due to the "culminating effect" of a "prior accident with a railroad, on a railroad, when he got hit by a train," a "poor attendance record" and a "general buildup of lack of capabilities."

Since unsatisfactory attendance and conduct endangering the safety of self or co–workers are grounds for "discharge for just cause," the employer clearly met his burden of proof. Tauteris, however, failed to sustain his burden of rebuttal. Accordingly, we conclude that reasonable men would not be bound to reach a conclusion different from that made by the Review Board.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.