**ST. MARY'S MEDICAL CENTER OF EVANSVILLE, INC.,**
Appellant (Employer Below)

v.

**REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, John C. Mowrer, David L. Adams, and Joe A. Harris as members of and constituting the Review Board of the Indiana Employment Security Division and Christine Wagner, Appellees (Review Board and Claimant Below).**

No. 93A02–8601–EX–9.

Court of Appeals of Indiana, Third District.

June 16, 1986.

---

Wm. Michael Schiff, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellees.

STATON, Presiding Judge.

St. Mary's Medical Center of Evansville, Inc., (St. Mary's) appeals from a decision of the Review Board of the Indiana Employment Security Division, that Christine Wagner's discharge from her employment with St. Mary's was not for just cause.

St. Mary's raises three issues on appeal:

I. Was St. Mary's denied due process because its hearing before the Review Board consisted only of a reading of the paper record?

II. Did the Review Board ignore competent evidence?

III. Did the Review Board err in determining that Wagner's discharge was not for just cause?

We affirm.

Until her termination on March 23, 1984, Wagner was employed by St. Mary's as a nursing assistant in the Pediatrics department. While working the evening shift on March 17, 1984, Wagner began talking with a co-worker, Launa Baize, as the two stood near a nurses' station. Baize was holding an infant patient, and she remarked that if she could have a baby as pleasant as the one she held, she would have one. Wagner told Baize she was too young to have a baby, and Baize responded that Wagner could "just kiss [her] ass." According to Baize, Wagner then "smacked" her in the mouth with the back of her hand, although Wagner testified she only "tapped" Baize's lips with her fingers. The infant was not injured.

There were no other eye-witnesses to this incident, although another employee, Jodi Carnal, overheard the conversation between Baize and Wagner immediately after the alleged slapping occurred, and testified that she heard Baize say, "Nobody slaps me in the face, not even my mother." Sharon Lynn, the staffing secretary for nursing services at St. Mary's, testified that Wagner had told her later during the evening of the 17th that she had smacked Baize, and Becky Brady, Assistant Director of Nursing for another department, testified that she had witnessed an investigatory meeting between Wagner and her supervisor in which Wagner admitted slapping Baize.

Wagner was discharged by St. Mary's on March 23, 1984. On her termination report, "Endangering self or others" was marked as the reason for termination, and in the "Remarks" section of the form was written, "For slapping another employee."

After her discharge, Wagner applied for unemployment benefits. Her application was denied by a deputy, who ruled that her discharge was for just cause. A hearing referee affirmed this denial, and Wagner appealed to the Review Board. The Review Board reversed, finding that Wagner's discharge was not for just cause and that she was not disqualified from receiving unemployment benefits. It is from this decision that St. Mary's appeals.

## I.

### *Due Process*

In hearing the appeal in this matter, the Review Board confined itself to reading the paper record made before the referee. This procedure is authorized by the Indiana Administrative Code at 640 IAC # 1–11–8, although the Review Board has discretion to hear additional evidence.

St. Mary's argues that this paper hearing denied it due process. Citing *Addison v. Rev. Bd. of Ind. Emp. Sec. Div.* (1979), Ind.App., 397 N.E.2d 1037, *motion to recons. denied,* 401 N.E.2d 718 (1980), St. Mary's argues that the hearing procedure did not provide a meaningful credibility review. In *Addison,* one referee heard the employer's evidence, and another heard the employee's evidence and rendered a decision. The court remanded for a hearing by one referee, writing that, "where the material issue requires for its resolution a determination of credibility of the witnesses, due process requires a meaningful credibility evaluation by the administrative trier of fact." 397 N.E.2d at 1041.

While this court has suggested in dicta that *Addison* may have implications for the Review Board's paper hearing procedure, *see, e.g. Sloan v. Rev. Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 444 N.E.2d 862, 866; *Pub. Ser. Co. v. Rev. Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 451 N.E.2d 371, 375 n. 2, we need not decide that issue because a credibility determination was not the determinative factor in the Review Board's resolution of the endangerment issue. It is true that the evidence concerning whether Wagner slapped Baize was in conflict, but it was not the only evidence available concerning endangerment of the infant patient. In its findings, the Board gave great weight to the testimony of Baize, St. Mary's own witness, that the infant would only have been in danger had she dropped it to slap Wagner in retaliation. The Review Board is the ultimate trier of fact and may weigh the evidence before it. *Wakshlag v. Rev. Bd. of Ind. Emp. Sec. Div.* (1980), Ind.App., 413 N.E.2d 1078, 1083. St. Mary's was not denied due process.

## II.

### *Evidence*

In its findings, the Review Board noted, "the only individuals testifying at the referee hearing that could offer any competent evidence of probative value ..., other than that of a hearsay nature, were the claimant and the co-worker who were involved in the incident and had firsthand knowledge of such." Because of this, St. Mary's argues that the Board ignored competent evidence given by witnesses Carnal, Lynn, and Brady regarding the slapping incident. While we agree with St. Mary's that the evidence in question was admissible under exceptions to the hearsay rule,[1] we do not agree that the Review Board erred in treating it as it did.

---

1. Lynn's and Brady's testimony that Wagner admitted slapping or smacking Baize would be admissible as a party admission. *See Uebelhack Equipment, Inc. v. Garrett Bros., Inc.* (1980), Ind.App., 408 N.E.2d 136, 138. Carnal's testimony that she heard Baize say, immediately after the alleged slapping, "Nobody slaps me in the face ...," would fit under the *res gestae* exception. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, 336, *modified,* 272 Ind. 647, 403 N.E.2d 828 (1980).

In *Nordhoff v. Rev. Bd. of Ind. Emp. Sec. Div.* (1959), 129 Ind.App. 378, 156 N.E.2d 787, 789, this court held that the Review Board cannot refuse to consider and weigh competent, uncontradicted evidence. This is not what the Review Board has done in this case. The testimony of Carnal, Lynn, and Brady was not uncontradicted, nor did the Board refuse to consider it. The Board merely weighed it and found it without value when compared to the testimony of Wagner and Baize. Weighing evidence is a function of the Review Board, *Wakshlag, supra,* and we find no error.

### III.

#### Just Cause

St. Mary's argues that the Review Board erroneously decided that Wagner's discharge was not for just cause. Generally, this court is bound by the Board's factual determinations. *Trigg v. Rev. Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 445 N.E.2d 1010, 1012. When reviewing the Board's decision, we will not reweigh the evidence or judge the credibility of witnesses. *Id.* Looking only to the evidence most favorable to the Board's decision, together with the reasonable inferences it supports, we will reverse only if reasonable persons would be bound to reach a different result. *Id.*

Under the Indiana Employment Security Act, just cause for termination of employment includes a "knowing violation of a reasonable and uniformly enforced rule of an employer." Ind. Code 22–4–15–1(e)(2). Wagner's termination report indicated that she was discharged for "endangering self or others," in violation of a rule in its handbook for employees which prohibited such endangerment.

Looking at the evidence most favorable to the Review Board's decision, St. Mary's own witness, Launa Baize, who was holding an infant patient when Wagner slapped or tapped her, testified only that the infant *could* have been in danger had she dropped it to strike Wagner in retaliation, but that she did not do so. From this it could be inferred that the infant was not actually in danger as a result of Wagner's actions. Reasonable persons would not be bound to reach a different result.

St. Mary's argues that the Review Board's sole responsibility vis-a-vis an employer's rule is to determine whether it is reasonable and uniformly enforced. We disagree. The Board had discretion to determine whether the rule was in fact violated. St. Mary's further argues that the Board unreasonably interpreted "endangerment" to require actual physical harm. On the contrary, the Board merely required that there be actual danger or risk of harm.

Finally, St. Mary's argues that even if Wagner did not violate its rule against endangering self or others, she was still discharged for just cause. Under the statute, just cause also includes "any breach of duty in connection with work which is reasonably owed an employer by an employee." IC 22–4–15–1(e)(8). Citing *Smithson v. Rev. Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App. 446 N.E.2d 1014, St. Mary's argues that Wagner owed it a duty not to fight on its premises during working hours. We need not determine whether Wagner owed or breached such a duty, since St. Mary's is raising the issue for the first time. Wagner was terminated for violating St. Mary's rule against endangering self or others, and this was the issue that was before the referee and the Review Board.

We affirm.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.