Robert M. EASTON, Appellant,

v.

The REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION (Administrative Agency) and Allstate Insurance Company (Employer), Appellees.

No. 93A02–8607–EX–250.

Court of Appeals of Indiana, Second District.

Oct. 5, 1987.

Rehearing Denied Nov. 24, 1987.

the instance of the Eichlers.

Joseph A. Yocum, Evansville, for appellant.

Kalvin M. Grove, Carol R. Brody, Fox and Grove Chartered, Chicago, Ill., Robert H. Brown, Kahn, Dees, Donovan & Kahn, Evansville, for appellee Allstate Ins. Co.

SULLIVAN, Judge.

Robert Easton appeals a decision of the Review Board of the Indiana Employment Security Division denying him unemployment compensation.

We affirm.

Easton contends that the Board's decision was contrary to law. He argues that the Board erred when it determined that he was discharged for "knowing violation of a reasonable and uniformly enforced rule of an employer," which constitutes "just cause" for discharge. I.C. 22–4–15–1(e)(2) (Burns Code Ed.Supp.1985) (current, unchanged version at I.C. 22–4–15–1(d)(2) (Burns Code Ed.Repl.1986)).

When a decision of the Review Board is challenged as contrary to law, our review is not plenary. We examine the sufficiency of the evidence to support the findings and the sufficiency of those facts to support the Board's conclusions. I.C. 22–4–17–12(e) (Burns Code Ed.Supp.1985) (current unchanged version at I.C. 22–4–17–12(f) (Burns Code Ed.Repl.1986)).

Easton argues that the fact-finding process was defective because the Board ignored competent evidence in finding that the no-gratuity rule was uniformly enforced. Much of Easton's contention in this regard involves the alleged violations by another Allstate employee, J.Y. Yet, as appellee points out, the employee in question was exonerated by Allstate, based upon information obtained from the leasing company providing the services in question. Thus it is clear that the Board did not ignore the evidence of the employee's allegedly unpunished rule violation; it merely weighed the evidence, which is a function well within its authority. *See St. Mary's Medical Center of Evansville, Inc. v. Review Board* (1986) 3d Dist.Ind.App., 493 N.E.2d 1275, 1277–78.

Easton also argues that the Board's conclusion—that he knowingly violated a reasonable and uniformly enforced employer rule—is erroneous in light of the Board's conclusion that there were "exceptions" to the rule. Easton points to three: permitted acceptance of notepads and pens, permitted use of a free car for a business trip, and permitted use of a free car for supply transportation to a company picnic.

Concerning the *de minimus* gifts, the Board's conclusion is supportable. Under the circumstances outlined in the Board's decision, gifts of that type are of such different character and degree so that accepting them does not constitute a violation of the rule. The rule's own language provides: "No gifts, *material considerations* or other things of *monetary value....*" Record at 34 (emphasis supplied). The Board's determination that notepads and pens did not constitute a violation of the rule is not erroneous.

Concerning the other two "exceptions" Easton argues that the Board's conclusion creates a contradiction. A person acting within his or her corporate capacity could accept a gift for the company, he argues, while a person in his or her private capacity could not accept the same gift personally. As appealing as Easton's argu-

ment might be, it is best addressed to the employer or to the General Assembly rather than the Review Board. All formulations of the no-gratuity rule speak without exception to a prohibition of an *employee* accepting a gift but do not bar the corporation from such activity.[1] The Board concluded from the facts and the rule that car usage for the business trip and for supply transportation to the company picnic was not a rule violation, as the rule was written. As the Board noted, those activities were corporate and not personal in nature. The Board's decision is not contrary to law. The Board did not have the discretionary authority to interpret the rule to remedy real or perceived inequities. It had only the authority to determine if the rule was reasonable and uniformly enforced and if the violation was a knowing one. *See Barnett v. Review Board* (1981) 2d Dist.Ind. App., 419 N.E.2d 249, 251; *but see St. Mary's Medical Center, supra,* 493 N.E.2d at 1278. Having made its factual determination, the Board's conclusion from that factual basis was not contrary to law.

The decision of the Review Board is affirmed.

SHIELDS, P.J., and MILLER, J., concur.

---

**1.** A letter from Allstate's corporate headquarters in October, 1982, does indicate that "the moral climate of a company is communicated by its management and set by the examples of all of its people at every level." Record at 35. Nevertheless, the rule itself, even as contained within this letter, states only a ban upon employee receipt of gifts or gratuities. Other than a common-sense and equitable dictate that corporations not utilize a double standard to favor corporate officials or activities as against employees, we find no statutory or common law prohibition against such distinction.