Robert STANLEY, Claimant–Appellant,

v.

REVIEW BOARD OF the DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, John C. Mowrer, David C. Adams, and Nanette C. McDermott, as Members of the Review Board of the Department of Employment and Training Services, and United Technologies Carrier, Appellees.

No. 93A02–8804–EX–144.

Court of Appeals of Indiana, First District.

Sept. 21, 1988.

Kenneth J. Falk, Grace A. Jubinsky, Legal Services Organization of Indiana, Inc., Indianapolis, for claimant-appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Robert E. Stanley appeals a decision of the Review Board of the Department of Employment and Training Services denying his claim for unemployment compensation. We reverse and remand.

## FACTS

Robert Stanley was employed as a general laborer for United Technologies Carrier Corporation. On September 22, 1987, Stanley was ill and failed to report for work. On the same day Stanley was examined by Dr. McMannis who diagnosed Stanley as suffering from a gastro virus infection. The doctor prescribed medication for the ailment and provided a written statement advising Stanley not to return to work for one week. Stanley was absent from work on the 23rd of September and again failed to report his absence. Stanley lived alone and did not possess a telephone. He claimed he was too ill to make the effort to go to a public telephone until September 24. Stanley claims that on this date at approximately 1:00 P.M. he called United Technologies from a public phone on the corner of 38th Street and Central in Indianapolis. He stated that a secretary named Tina received the call and thanked him for telephoning.

United Technologies issues a pamphlet to all new employees which clearly states that all employees must report in if they are going to be absent. Stanley admits that he received a copy of this pamphlet when he went to work for United Technologies. The pamphlet also states that three consecutive, unreported absences constitute grounds for dismissal. Stanley was terminated on September 24, 1987, for allegedly violating this rule. While Stanley claims he contacted United Technologies on September 24, no evidence of this call can be found in United Technologies' records. When an employee calls in to report that he will be absent, a secretary is supposed to fill out a call-in report form. No such form was found recording a call from Stanley on September 22, 23 or 24, 1987. When asked

if she remembered receiving a call from Stanley, the secretary replied that she received hundreds of such calls and could not be expected to remember each one. However, she also said that she was always very careful to write down every call given the liability that is extended to a person's employment.

The referee found in favor of Stanley stating that there was not sufficient evidence of probative value to support United Technologies' claim that Stanley was discharged for just cause. On appeal the Review Board reversed, finding that Stanley could not adequately identify the person to whom he spoke when he telephoned United Technologies, and that United Technologies' call-in procedure conclusively demonstrated that Stanley did not call in on the 24th of September. Therefore, the Review Board found that Stanley was discharged with just cause for failing to report for work and failing to notify United Technologies of his absence for three consecutive days.

## ISSUES

Stanley raised two issues on appeal, since we reverse we will discuss only that issue necessary to our decision:

Was it a violation of due process for the review board to make a demeanor credibility finding contrary to that of the referee where demeanor credibility was the sole determinative issue without holding another hearing at which it could observe first hand the demeanor of the witnesses?

## DISCUSSION AND DECISION

██ Stanley argues that his right to due process of law was violated when the review board reversed the referee's favorable ruling based on a "paper review" of the proceedings below where the only genuine issue to be decided was that of demeanor credibility. We agree and note at the outset that the weight of state and federal authority seemingly does not comport with our ruling. However, we are not deterred from articulating an exception, extremely narrow in scope, to the general rule of law as it has developed in this area thus far.

Initially we must stress that it is vital to our holding that we find the *sole* determinative factor in the present cause to be that of demeanor credibility. Robert Stanley claims he telephoned United Technologies on September 24, 1987, at 1:00 P.M. and informed a secretary that he would be absent. United Technologies maintains that since the secretary did not remember if she had received a call from Stanley and since no written record of the call was entered, no such call was received. If Robert Stanley's testimony is found to be more credible than that of the individuals' testifying on behalf of United Technologies, then Stanley was discharged without just cause and is eligible for unemployment compensation benefits. If, on the other hand, the testimony of the United Technologies representative is to be believed over that of Robert Stanley, then Stanley was discharged with just cause and Stanley should be denied unemployment compensation benefits. The referee, having had the opportunity to personally assess the demeanor of all the witnesses, chose to believe the testimony of Robert Stanley. The review board, based on a "paper review" of the proceedings, reversed the referee's decision.

Generally, administrative agencies are allowed to make findings on issues of credibility without taking live testimony. *See e.g., Universal Camera Corp. v. NLRB* (1951), 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 2d 456; *Parker v. Bowen* (11th Cir.1986), 788 F.2d 1512; *WHW Enterprises, Inc. v. F.C.C.* (D.C.Cir.1985), 753 F.2d 1132; *Lawrence v. Commodity Futures Trading Com'n* (9th Cir.1985), 759 F.2d 767; *Hameetman v. City of Chicago* (7th Cir.1985), 776 F.2d 636; *Moore v. Ross* (2d Cir.1982), 687 F.2d 604; *Retail Wholesale and Dept. Store Union v. N.L.R.B.* (D.C.Cir.1972), 466 F.2d 380; *Ward v. N.L.R.B.* (5th Cir. 1972), 462 F.2d 8; *Peak v. Comm. Unemployment Compensation Bd.* (1985), 509 Pa. 267, 501 A.2d 1383; *Pieper Electric, Inc. v. Labor and Industry Review Com'n* (1984), 118 Wis.2d 92, 346 N.W.2d 464. In *Moore* the court held that substantial evidence review protects against the danger

that ultimate administrative fact finding bodies who have not heard the witnesses testify will arbitrarily reverse the credibility findings of the original factfinder. 687 F.2d at 609.

In *Universal Camera* the Supreme Court stated:

"The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case. To give it this significance does not seem to us materially more difficult than to heed to other factors which in sum determine whether evidence is 'substantial'."

340 U.S. at 496–97, 71 S.Ct. at 469, 95 L.Ed.2d at 472. On review therefore, where credibility is a determinative factor and the Review Board reverses the referee, the Supreme Court has indicated that the appellate courts will most likely reverse the Board's finding for failure to meet the substantial evidence test. Assuming that unsupported credibility findings will be rectified on appeal, the danger of due process violations is considered minimal. However, it is our opinion that where demeanor credibility is the sole determinative factor and the review board reverses the referee's findings, due process concerns cannot be brushed aside with the promise of rectifying any mistakes on appeal. On numerous occasions this court has voiced concerns over the due process implications raised where a final agency decision reverses a hearing officer's decision on the basis of demeanor credibility. *Wampler v. Review*

*Bd.* (1986), Ind.App., 498 N.E.2d 998; *St. Mary's Medical Center v. Review Bd.* (1986), Ind.App., 493 N.E.2d 1275; *Public Serv. Co. v. Review Bd.* (1983), Ind.App., 451 N.E.2d 371; *Sloan v. Review Bd.* (1983), Ind.App., 444 N.E.2d 862; *Addison v. Review Bd.* (1979), Ind.App., 397 N.E.2d 1037. However, in all prior cases demeanor credibility was found not to be the sole determinative factor in the case.

It is well settled that the review board is the ultimate factfinder and that credibility is a question of fact. *St. Mary's Medical Center,* 493 N.E.2d at 1277. Yet, as stated in *Retail Wholesale:*

"the resolution of credibility conflicts is more properly made in the first instance by the trial examiner, who unlike the Board, has had an opportunity to observe the witnesses and to hear the testimony at first hand."

466 F.2d at 386.[1] In *Peak* the court admitted that, "It may be wiser, more efficient or more expedient to entrust administrative determinations of fact based on credibility to the person who hears the evidence." 509 Pa. at 278, 501 A.2d at 1389. Other courts recognizing the importance of the due process implications in cases where credibility is the determinative factor have modified the broad rule allowing the reversal of credibility determinations by requiring the reviewing board to include in the record either its reasons for rejecting the lower tribunal's credibility determination, *Parker,* 788 F.2d at 1521–22, or some indication that the lower factfinder's credibility assessment could be gleaned from the record or from personal consultation with that factfinder. *Pieper Electric,* 118 Wis. 2d at 97–98, 346 N.W.2d at 467. However even these safeguards are insufficient where demeanor credibility is the sole determinative factor.

In such a case the review board makes a determination on an issue where it simply has no basis for doing so. Where the material issue requires for its resolution deter-

---

1. That court then proceeds to uphold the board's decision despite the fact that the decision was based on the "slenderest of reeds" because the testimony upon which the board based its decision was not "hopelessly incredible". *Id.* citing *N.L.R.B. v. Marcus Trucking Co.* (2d Cir.1961), 286 F.2d 583.

mination of the credibility of witnesses, due process requires a meaningful credibility evaluation by the administrative factfinder. *See, Addison,* 397 N.E.2d at 1040. Having never heard or seen the witnesses, having no first hand perception of the manner in which they offered their testimony, and having no other evidence from which to discern the truthfulness of the witnesses' statements, the board nevertheless rejected the referee's findings in favor of its own groundless opinion of demeanor credibility. Due process requires that a claimant be afforded the opportunity to be heard during an administrative proceeding. *Sandlin v. Review Bd.* (1980), Ind.App., 406 N.E.2d 328, 332. By failing to defer to the referee, the only impartial observer to the parties' testimony, the board essentially denied the parties the right to be heard. The only way the review board can effectively and fairly reassess demeanor credibility is to conduct a second hearing and observe for itself the material witnesses as they relate their testimony.

██ We stress the narrowness of our holding herein; before due process rights are irrevocably jeopardized, demeanor credibility must be the sole determinative factor in reversing a referee's finding. First we note that where the board upholds the demeanor credibility finding of a referee the same due process concerns are not implicated. The board is then deferring to a tribunal which has had the opportunity to observe the demeanor of the witnesses, therefore the parties' right to be heard is unaffected.

We note secondly that due process concerns will be raised only where demeanor credibility is the determinative issue. In the present case, had the record revealed that United Technologies had a system for recording all telephone calls akin to that often used by police and fire departments, and that no call from Stanley was received on September 24, 1987, then the record itself would cast doubt on Stanley's credibility and no impressions of the witnesses' demeanor would be necessary to make a credibility determination. Likewise no demeanor evaluation would be necessary if the record revealed that no telephone booth existed at the corner of 38th and Central on the date of the alleged telephone call or that Tina, the secretary Stanley claims to have talked to, was absent on the 24th of September, the date the call was allegedly made. However, in the present case the testimony of neither party can be discredited by impeachment, nor is there any evidence that the individuals testifying were in any way incapacitated. Therefore, the sole factor available for determining credibility in the present case is that of demeanor, and to make an accurate credibility assessment based on demeanor one must be in a position to observe the witnesses as they testify.

Finally we note that the issue of demeanor credibility must be the sole determinative factor in order to invoke the rule expressed here today. If other determinative factors exist, the review board would then have an alternative adequate basis reflected in the record for its decision and any due process implications would constitute at most harmless error. However, where, as in the present case, the sole determinative factor is demeanor credibility and the review board reverses the referee's determination, due process is violated and the subsequent application of the substantial evidence standard on review by the appellate court does not rectify such an error. Therefore, we are compelled to reverse and remand to the review board for proceedings consistent with this opinion.

REVERSED AND REMANDED.

CONOVER, P.J., and NEAL, J., concur.