[Civ. No. 9270. Second Appellate District, Division Two.—February 18, 1935.]

ESTELLE TAYLOR, Respondent, v. FRANK JOYCE et al., Appellants.

Lasher B. Gallagher for Appellants.

Wm. M. Rains and Ernest E. Noon for Respondent.

CRAIL, J.—The defendants (appellants) appeal from a judgment in favor of the plaintiff recovered in an action for damages for personal injuries. The plaintiff is a motion picture actress. The defendant Joyce is engaged in the business of representing actors and writers in the motion picture business, and the defendant Scott was a chauffeur employed by the defendant Joyce for the purpose of driving Joyce's automobile. Miss Taylor was a guest of defendant Joyce on Christmas Eve at a cabaret party held at the Ambassador

hotel in Los Angeles which lasted until approximately 2 o'clock on the following morning, at which time the parties got into the automobile of defendant Joyce and were driven by the defendant Scott to a point a half mile from the hotel grounds, where he collided with a parked car. After hitting the parked car Joyce's automobile went on and scraped a palm tree with its left side and came to a stop against the lawn in front of a house on Normandie Avenue. As the plaintiff was the guest of the defendant Joyce, she was not entitled to recover damages against him for mere negligence, but she claimed and the evidence indicated that his chauffeur was decidedly drunk. Her entire basis of recovery against Joyce was founded on that portion of section 141¾ of the California Vehicle Act, which reads as follows: "Nothing in this section contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication or wilful misconduct of such owner, driver or person responsible for the operation of such vehicle; provided, that in any action for death or for injury or damage to person or property by or on behalf of a guest . . . the burden shall be upon plaintiff to establish that such intoxication or wilful misconduct was the proximate cause of such death or injury or damage."

The appellants complain bitterly and at length with regard to certain instructions of the trial court to the jury in which the court used the terms "under the influence of intoxicating liquor" and "intoxication" as synonymous terms, their contention apparently being that if a person be intoxicated he is dead drunk, at least decidedly drunk, whereas if a person be under the influence of intoxicating liquor he may be only mildly intoxicated. They do not seem to realize that a person may be "intoxicated" in varying degrees, just as he may be "under the influence of intoxicating liquor" in varying degrees. The appellants are foreclosed in this regard by the recent case of *Tracy* v. *Brecht*, 3 Cal. App. (2d) 105 [39 Pac. (2d) 498], which approves the language of *People* v. *Dingle*, 56 Cal. App. 445 [205 Pac. 705], as follows: "It is probably true, however, that the phrase 'under the influence of intoxicating liquor' is, substantially and to all practical intents and purposes, synonymous with such words as 'intoxication' and 'drunkenness'." In Webster's New International Dictionary, 1930 edition, the

following appears: "Intoxicated. Affected by an intoxicant; under the influence of an intoxicating liquor . . . "

■ Appellants' next contention is that the trial court erred in giving an instruction defining the word "intoxication" and particularly he contends that to do so was instructing the jury with respect to a matter of fact, whereas the court had no right to instruct as to any matter of fact. The definition as given was based apparently upon an excerpt taken bodily from the decision in the case of *People* v. *Ekstromer*, 71 Cal. App. 239 [235 Pac. 69], which was approved in *People* v. *Dingle, supra.* The definition, however, is merely a statement of the meaning given to the word in common usage. "We cannot believe that any prejudicial error resulted from permitting the jury to accept the common understanding of the words." (*People* v. *McKee,* 80 Cal. App. 200 [251 Pac. 675].) This contention of the appellants with regard to the use of the words "intoxicated" and "under the influence of intoxicating liquor" runs through a great part of appellants' brief, both as to instructions given and instructions refused.

■ Appellants also contend that errors were committed by the trial court in the rulings on the introduction of evidence. We have examined these points and find no error which would entitle the appellants to a reversal. Appellants also contend that the evidence is insufficient as a matter of law to support the verdict of the jury and also that the verdict is excessive as a matter of law, but we find against the appellants on both these propositions.

■ The plaintiff did not claim that the defendant Joyce was intoxicated, and the appellants' final contention in the opening brief is that under the law a guest is not permitted to recover against the owner or person responsible for the operation of a vehicle unless such owner or such person is personally intoxicated or is personally guilty of wilful misconduct. We do not believe the statute should be given this narrow construction and find against the appellants in this regard.

In the appellants' reply brief they set forth eight different points which they contend were contained in the opening brief and upon which they rely and which they claim the respondent has failed to answer or attempt to answer. We are mindful of all these contentions of the appellants, but in this

age which demands brevity as a cardinal virtue second only to clearness, we feel that they are not of sufficient general importance as to require detailed discussion, and we are satisfied that no error was committed by the trial court which would entitle the appellants to a reversal. ■ There is some room for criticism of instructions V and VII, but all of the instructions being considered as a whole correctly define the law about as clearly as is reasonably possible.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.