## RAYMOND R. MORRISON v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION

[No. 2-577A156. Filed August 15, 1977. Rehearing Denied September 2, 1977.]

*Paul G. Smith, Pearce, Barr & Howard,* of Noblesville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ROBERTSON, C.J. — Appellant-claimant Morrison is appealing from a decision that he had been overpaid in his benefits. The Board's decision was based upon IC 1971, 22-4-16-1 (Burns Code Ed.) which allows a cancellation of benefits when a claimant ". . . willfully fails to disclose or has falsified as to any fact which would have disqualified him or rendered him ineligible for benefits . . ."

The essence of the several issues raised by Morrison is whether the Board's decision is supported by sufficient evidence. We are of the opinion that it is and, accordingly, affirm.

The evidence in the record most favorable to the Review Board's decison shows that Morrison was laid off from his employment on November 27, 1974, until August 4, 1975. On or about February 9, 1975, Morrison fractured his ankle which was placed in a cast. On February 14, 1975, he was scheduled to appear at the Employment Security Division office to sign a claim for the prior week. He caused an unidentified friend to go for him and sign his name to the application because he did not want the Division to know about the injury which might have jeopardized his eligibility.

Following that week, Morrison mailed in his applications without having to appear in person at the office. Included in the mail-in applications was a question as to whether a claimant was unable to work. No disability was noted on Morrison's applications.

An Employment Security Division fraud investigator later made a determination that Morrison had been overpaid in his benefits in that he had willfully failed to disclose disqualifying

information. An appeals referee then affirmed the investigator's determination. After an appeal hearing, the Review Board adopted the findings and conclusions made by the referee.

When asked to review sufficiency of evidence, this Court will not disturb the Review Board's determination unless reasonable men would be bound to reach a different conclusion on the evidence in the record. *Skirvin v. Review Board of Indiana Emp. Sec. Div.* (1976), 171 Ind. App. 139, 355 N.E.2d 425; *Gardner v. Review Board of Indiana Emp. Sec. Div.* (1974), 162 Ind. App. 125, 318 N.E.2d 361.

A denial of benefits under IC 1971, 22-4-16-1 (Burns Code Ed.) requires two things: (1) A willful failure by the claimant to disclose certain facts or a falsification of a fact, and (2) that those facts would have disqualified him or made him ineligible for benefits.

The state of the evidence leaves little doubt as to the occurrence of the first item. The evidence pertinent to the second requirement—whether the broken bone would have disabled Morrison from working—is conflicting. However, there was evidence of the injury itself and a report from a physician stating that the disability from a broken ankle is eight weeks. We are of the opinion that evidence is sufficient, as a matter of law, to require upholding the decision of the Board.

Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 366 N.E.2d 189.