ALCOA, Appellant (Defendant Below),

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and constituting the Review Board of the Indiana Employment Security Division, and Ronald P. Dulin, Appellees (Plaintiffs Below).**

No. 2–581A164.

Court of Appeals of Indiana,
Third District.

Sept. 28, 1981.

George A. Porch, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee Review Board of the Indiana Employment Security Division.

1. IC 22-4-1-1 et seq.

STATON, Judge.

Alcoa appeals from the decision of the Indiana Employment Security Division Review Board granting benefits under the Indiana Employment Security Act [1] to one of its former employes, Ronald P. Dulin.

On appeal, Alcoa raises the following issues: [2]

   (1) Did the Review Board fail to grant or deny Alcoa's request for a hearing before the Review Board, thereby depriving Alcoa of due process?

   (2) Did the Review Board err in not considering additional evidence provided by Alcoa?

   (3) Did the Review Board err in failing to notify Alcoa that on April 14, 1981 it would consider the evidence submitted and render a decision?

   (4) Did the Review Board err in failing to notify Alcoa of its right to counsel?

   (5) Did the Review Board's decision address all of the issues before it?

   (6) Is the Review Board's decision contrary to the evidence and law?

We affirm.

## I.

### Hearing Request

■ Alcoa followed the procedures set forth in 640 IAC 1-11-7 to request a hearing before the Review Board. Alcoa argues it was denied due process because the Review Board failed to either grant or deny Alcoa's request and to notify Alcoa as required by 640 IAC 1-11-7. We disagree.

The Review Board denied the request for a hearing, affirmed the referee, and immediately notified the parties in writing. The pertinent part of the Review Board's decision states:

"STATEMENT OF FACTS: After a review of the transcript of the referee hearing of February 5, 1981, in Case No. 81-A-158, the Review Board determines that the statement of facts and findings

2. The issues have been combined and reworded.

in the referee decision is in agreement with the evidence of record and, therefore, issues its decision without a hearing, pursuant to Regulation 1007 of the Indiana Employment Security Board."

This complies with 640 IAC 1–11–7.

Alcoa argues that it was prejudiced by being denied the opportunity to know the Review Board's response to its request for hearing prior to the Review Board's determination. Alcoa argues that it

"took no action during that time period between its hearing request and the Review Board's decision because it expected a ruling on its request. Had it received the mandated notice of the Review Board's action on its request for hearing, then it could have taken any action necessary to protect itself, regardless of the Board's decision on the request. By ignoring Alcoa's request for hearing the Review Board denied Alcoa the opportunity to take any action in support of its request for hearing and position before the Review Board."[3]

640 IAC 1–11–7 does not require the Review Board to decide whether to grant a hearing, notify the parties, wait a period of time, and then issue a decision; the Review Board may decide to deny a party a hearing and immediately make a decision based solely upon the record before the referee. Alcoa has failed to detail what actions it could have taken to protect itself. Furthermore, no authority is cited as to what further actions could have been taken to challenge the Review Board's denial. Alcoa has waived this issue. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).[4] Alcoa has also made broad statements concerning the purposes of 640 IAC 1–11–7 without any citation to authorities. These arguments can not become grounds for reversal. AP. 8.3(A)(7).

■ Alcoa also argues prejudice from being denied the opportunity to be heard by the Review Board since Alcoa was not heard by the Referee. Alcoa was not heard by the Referee because it did not appear at the hearing. Alcoa's failure to be heard is the fault of Alcoa, not the Review Board or the Referee. The Review Board made its decision upon the record made before the referee. It has been held that it is not arbitrary *per se* for an appeal board to decide an appeal from a hearing examiner upon the record without further hearing. *Moore v. Ross* (S.D.N.Y.1980), 502 F.Supp. 543, 554.

## II.

### Additional Evidence

■ On Alcoa's request for a hearing before the Review Board (Form 651) filed pursuant to 640 IAC 1–11–7, Alcoa directed the Review Board to examine several pages of information in support of its request for a hearing. On appeal, Alcoa argues that this information was submitted as an application for leave to introduce additional evidence pursuant to 640 IAC 1–11–8. Alcoa recognizes that it did not strictly comply with the requirements of 640 IAC 1–11–8, but argues that it was in substantial compliance. Alcoa argues that 640 IAC 1–11–8 should be interpreted with 640 IAC 1–11–7 such that 640 IAC 1–11–8 contains the language of 640 IAC 1–11–7 which states that substantial compliance with its requirements is acceptable.

We can not rewrite this regulation in the fashion suggested by Alcoa. 640 IAC 1–11–7 allows the request for hearing to be submitted in many forms as long as the request contains all the information required by Form 651. It is a reasonable requirement of the Employment Security Division that requests for additional evidence be made on Form 666 so that such requests may be distinguished from requests for a hearing and may be acted upon. This is especially true in the instant case.

---

3. Appellant's Brief p. 14.

4. We were unable to discover in the statutes or regulations concerning the Review Board any

rights for further action by Alcoa before bringing this appeal.

Alcoa's alleged request for leave to introduce additional evidence is not titled as such a request and contains no prayer that leave be granted to introduce additional evidence. At the end of a summary of the information Alcoa attached to Form 651, Request for an Appeal, Alcoa stated the following:

"On the above information, we respectfully request that an appeal be granted to the Employer."

Thus, Alcoa did not apply for leave to submit additional evidence, but rather a hearing for an appeal. The Review Board is not required to metamorphose appeals requests into requests for leave to introduce additional evidence. Plainly stated at the bottom of Form 651, which Alcoa submitted, is the following:

"*No additional evidence will be taken at a Review Board hearing except upon written application* by either party, showing good cause for the taking of such evidence, a summary of the facts to be established by oral testimony or documentary evidence, good reason why such evidence was not introduced at the original referee hearing, and the names and addresses of witnesses who may testify. A copy of any document to be introduced as new evidence must accompany such application.

"*Either party desiring to introduce additional evidence will use Form 666, Application for Leave to Introduce Additional Evidence to Review Board.* If made by the petitioner, such application must be filed with the Request for Appeal. If made by the respondent, such application must be filed with the Review Board within seven (7) days from the date he is furnished a copy of the Request for Appeal. In either case, if such application to introduce additional evidence is approved, the opposing party will receive ten (10) days notice thereof." (emphasis added)

We must decline Alcoa's invitation to rewrite these required procedures.[5]

### III.

### Notice

■ Alcoa argues that it was denied due process when it was not given notice that the Review Board was going to meet to decide whether to grant Alcoa's request for a hearing. Alcoa relies upon 640 IAC 1–11–16 as authority. It states:

"Service of Notice. Notice of all hearings or proceedings before a referee or the Review Board, unless otherwise directed by statute, shall be given by mail, and the proof of the mailing of any such notice shall be prima facie proof of the service thereof. Unless otherwise provided, at least five (5) days notice of all hearings shall be given from the date of mailing the notice thereof."

Alcoa's reliance is misplaced. No proceedings or hearings were held before the Review Board; rather, the Review Board convened for consultation and disposition of matters pending before it. This is known as a Review Board Session, not as a hearing or proceeding before the Review Board. 640 IAC 1–11–19. To require the Review Board to give notice to parties each time it convened to decide their request for a hearing would be an onerous requirement serving no purpose.

The time had passed for Alcoa to request leave to introduce additional evidence. 640 IAC 1–11–8, *Barnett v. Review Board* (1981), Ind.App., 419 N.E.2d 249, 252. It had been denied a hearing. No avenues existed for Alcoa to present further evidence. Its only way of appeal was to this Court.

### IV.

### Right to Counsel

■ Alcoa argues that it was denied due process because it was not informed of

---

**5.** Alcoa alleges in its brief that the information it wishes to present is cumulative. Alcoa could not be prejudiced by the Review Board's failure to consider this information attached to its hearing request if the information already existed in the record.

its right to counsel. Alcoa cites [6] *Sandlin v. Review Board* (1980), Ind.App., 406 N.E.2d 328 to support its argument. *Sandlin,* however, holds that a claimant must be advised of his or her right to counsel. *Sandlin* is silent on the issue Alcoa presents. As we find Alcoa to be situated differently than claimants, we can not require Sandlin's rationale to be extended to all employers.

Justice Brennan, in *Goldberg v. Kelly* (1970), 397 U.S. 254, 268–9, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287, stated: "The opportunity to be heard must be tailored to the capabilities and circumstances of those who are to be heard." The capabilities and circumstances of Alcoa are substantially different from the capabilities and circumstances of claimants.

## V.

### Issues

■ Alcoa argues that the Review Board made no findings of fact on Alcoa's request for a hearing, its submission of additional evidence, the claimant's statutory misconduct, and his previous warning about intoxication. We have previously discussed the first two issues and will not repeat those discussions. We also note that the Review Board incorporated by reference the decision of the referee. The referee's decision contained findings of fact on the latter two issues.

## VI.

### Contrary to Law

■ Alcoa argues that the decision of the Review Board is contrary to the evidence and law. It is a general rule that, as to all questions of fact, the Review Board's decision is conclusive and binding. *Tauteris v. Review Board* (1980), Ind.App., 409 N.E.2d 1192, 1195. When we review the

determination of the Review Board, we are limited to an examination of that evidence and the reasonable inferences drawn therefrom which support the Review Board's decision. *Id.* We will not disturb the factual determination unless reasonable men would be bound to reach a different conclusion on the evidence in the record.

■ The evidence supporting the Review Board is as follows:

Ronald P. Dulin worked at Alcoa's Warrick operations in Newburgh, Indiana. On November 11, 1980, he was asked to take what Dulin described as "not a breathalizer [*sic*] but a blow-up bag to indicate drinking." Dulin admitted that he had a few drinks before starting his evening shift job, but that he was not too drunk to work. He stated that the balloon test he took indicated he had been drinking, but that it did not measure how much he had been drinking. He stated that he was ordered to leave the plant. He also testified that two years prior to this incident he missed a day of work because he had been arrested at some boat races for being drunk. At that time he was warned that if he missed work due to intoxication or was intoxicated at work he would be fired.

Alcoa did not attend the referee's hearing. The only evidence from Alcoa was the following:

"On the P.M. shift of 1980 November 11, the claimant violated the attached 'last chance' agreement when he reported for work in an unfit condition. His condition was verified by medical procedures.

### "MEMORANDUM OF UNDERSTANDING

"As a condition of employment, the following areas of conduct and performance will be met:

6. Alcoa "cited" as follows: "*Sandlin v. Review Board of Indiana Employment Security Division* (1980), —— Ind.App. —— (Dec. of Dec. 15, 1980 in Case No. 2–780–A–27)." The correct cite, in this pre-advance sheet form, is decision of June 30, 1980, No. 2–377/–A– 105 [406 N.E.2d 328]. When Alcoa filed their brief, this case had been in the advance sheets for

over six months. AP. 8.2(B)(1) requires citation to the state and regional reporters when cases appear in them rather than to the pre-advance sheet form used by Alcoa. We interpret the appellate rules to require *correct* citation of cases. An incorrect citation is tantamount to not having a citation, which results in waiver of the issue. AP. 8.3(A)(7).

"1. Intoxication on the job will result in immediate termination. In case of suspect voluntary breatholyser [*sic*] or blood test will be given if deemed necessary by Alcoa's nurse. A positive test will result in termination.

"2. Attend on a weekly basis for six months Stepping Stones outpatient program. Any missed sessions at Stepping Stones must be justified through the immediate supervisor.

"3. Any absenteeism that has a causal relationship to alcohol will result in immediate termination.

| "s/ Ronald P. Dulin | s/ Carol M. Mark |
|---|---|
|  | s/ H. W. Koanto |
|  | s/ W. B. Stevenson" |

Alcoa had the burden of proof to show that Dulin was discharged for "just cause." *Tauteris, supra*, at 1195. Alcoa presented no evidence of what "medical procedures" were used to verify Dulin's condition. Dulin had testified that he had not taken a breathalyzer. It is therefore reasonable for the Review Board to find that Dulin was not in violation of the so-called "last chance" memorandum of understanding.

Alcoa also argues that the Review Board did not apply the correct statutory standard. The Review Board stated:

"Although drinking on duty or reporting to work under the influence of alcohol may constitute just cause for discharge, there has been no evidence of probative value submitted at this hearing to indicate that the claimant was in fact intoxicated."

Alcoa argues that the correct standard to be applied is whether Dulin was under the influence of alcohol, not whether he was intoxicated. IC 1972, 22–4–15–1. We disagree because we regard "under the influence of alcohol" and "intoxicated" to be synonyms.

 "Under the influence" means more than having consumed the smallest amount of alcohol possible to imagine. *Anderson v. State* (1970), 226 Ga. 35, 172 S.E.2d 424, 426. This Court has held one to be under the influence of intoxicating liquor when one has an impaired condition of thought and action and, to a marked degree, the loss of the normal control of one's faculties due to drinking intoxicating liquor. *Matthew v. State* (1972), 154 Ind. App. 182, 289 N.E.2d 336, 339. The same definition would apply to "under the influence of alcohol" since "intoxicating liquor containing alcohol" is given as a definition of alcohol. The American Heritage Dictionary of the English Language (1970), at 30. "Under the influence of alcohol" is therefore synonymous with "intoxication." *Taylor v. Joyce* (1935), 4 Cal.App.2d 612, 41 P.2d 967, 968; *Foster v. State* (1955), 162 T.Cr. 124, 282 S.W.2d 877, 878. The Review Board therefore found that there had been no evidence of probative value submitted to indicate that Dulin was in fact under the influence of alcohol. There was evidence that Dulin had drank some alcohol before reporting to work, but reasonable men would not be bound to reach the conclusion that Dulin was under the influence of alcohol from the evidence in the record.

The decision of the Review Board is affirmed.

HOFFMAN, P. J., concurs in result.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring in result.

I concur with the result reached. Alcoa did not properly request the opportunity to present additional evidence. Several of its "documents" were simply hearsay statements and no substantial effort was made to comply with 640 IAC 1–11–8.

While I cannot accept the majority premises that for purposes of right to counsel employers are different from claimants, or that the failure of appellant to give the Northeastern 2d citation to *Sandlin v. Rev. Bd.* (1980), Ind.App., 406 N.E.2d 328 results in a waiver of error, I am forced to agree that Alcoa has not presented a basis for reversal. The problem had its inception because Alcoa failed to attend the hearing of February 5, 1981 of which it apparently had proper notice, including where the hearing was to be held. I find the case

distinguishable from *Sandlin* on that basis. Sandlin attended his hearing. He thereby preserved the prejudice resulting from his not being advised of the right to counsel. Alcoa failed to attend its hearing, and while it asserts on appeal that its agent went to the wrong place, it has failed to properly present any such issue in the record. I do not believe it can claim harmful error because it was not advised it had the right to counsel at a hearing it simply failed to attend.

I therefore concur in result.