Kathy P. FREDERICK, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
William H. Skinner, David L. Adams and
Paul M. Hutson, as Members of and as
constituting the Review Board of the
Indiana Employment Security Division
and Sizzler Steak House, Appellees.

No. 2–982A313.

Court of Appeals of Indiana,
Third District.

May 25, 1983.

Rehearing Denied July 14, 1983.

J. Mark Robinson, Carmen Brummet, Le-
gal Services Organization of Indiana, Inc.,
New Albany, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas
Seidman, Deputy Atty. Gen., Indianapolis,
for appellees.

STATON, Judge.

Sizzler Steak House fired Kathy Freder-
ick. After a hearing, the Appeals Referee
found that Frederick was not entitled to
unemployment benefits. On July 9, 1982,
she received notice of the referee's decision.

Pursuant to IC 1979, 22–4–17–3 (Burns
Code Ed.), Frederick had fifteen days from
July 9th to appeal the referee's decision to
the Review Board (Board). She timely ap-
pealed on July 16, 1982. Later, on July 23,
her attorney filed his appearance with the
Board and indicated his willingness to
present oral argument or to submit a brief.
However, two days before it received notice
of the attorney's appearance, the Board is-
sued its decision to adopt the referee's find-
ings and conclusions.

On appeal, Frederick contends that she
was denied an opportunity to request a
board hearing even though she had filed a
request for appeal which inherently includ-
ed a request for a hearing.

Affirmed.

■ The Indiana Administrative Code
(IAC) requires the parties to file all plead-
ings on designated forms. 640 I.A.C. 1–11–
14. It should be noted that no IAC rule
requires the filing of a specific form to
request a hearing. The lack of a specific
form for a hearing request is explained in
640 I.A.C. 1–11–7 which governs the proce-
dures of Board appeals:

"Sec. 7. Appeals to Review Board.
Within fifteen (15) days after the date of
notification or mailing of the decision of
the referee, *either party may appeal to
the Review Board. Such appeal shall be
filed* at the claims-holding local office or
Administrative Office, *on Form 651, 'Re-*

*quest for Appeal to Review Board.'* When accepted by the Board, or its authorized representative, the receipt of any document that indicates on its face a desire to appeal and contains the information requested by the above-mentioned Form 651 shall be treated as being in compliance with this regulation. *The Review Board may grant or deny such a request for the hearing,* and shall immediately notify all parties in writing. If such a hearing is granted, the Review Board shall immediately set a date for hearing not earlier than five (5) days from the date of the request for hearing. *(Indiana Employment Security Board; Reg 1007; filed Dec. 13, 1945, 10:40 am: Rules and Regs. 1947, p. 944; filed Oct. 25, 1949, 4:20 pm: Rules and Regs. 1950, p. 54; filed Dec. 6, 1966, 11:15 am: Rules and Regs. 1967, p. 52)"* (Emphasis added).

As section 7 states, a request for a hearing is inherently included in a request for appeal. Therefore, Frederick's timely filed request for appeal also served as her request for a hearing.

It is permissible for the Board to base its decision entirely on the record made before the referee. *Alcoa v. Review Board of the Indiana Employment Security Division* (1981), Ind.App., 426 N.E.2d 54, 57. Thus, when a request for appeal is filed, the Board has the discretion to grant or deny a hearing.[1] According to the Board, an examination of the record showed that a hearing was unnecessary.

Because Frederick's request for appeal served as her request for a hearing, the Board did not deny her an opportunity to request a Board hearing.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

1. Once the Board has granted a hearing, it may limit the parties to oral argument, written briefs, or both. 640 I.A.C. 1–11–8.