Joe CANO, Appellant
(Defendant Below),

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer and Joe A. Harris as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Leaseway Motorcar Transport, Appellees (Plaintiffs Below).**

No. 93A02–8704–EX–157.

Court of Appeals of Indiana,
First District.

Oct. 6, 1987.

Rehearing Denied Nov. 20, 1987.

---

Kenneth E. Barden, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Joe Cano (Cano) appeals the Review Board's determination that he fraudulently failed to disclose earnings received during weeks for which he claimed unemployment compensation. He presents essentially three issues for review on this appeal:

(1) Whether the director of the Employment Security Division appealed to the Review Board within the time provided by statute;

(2) Whether the Review Board's modification of the referee's decision without a hearing and prior notice that an appeal had

been requested denied him due process of law; and,

(3) Whether the evidence is sufficient to support the Review Board's decision.

## I.

Cano maintains that the director's request for an appeal to the Review Board was untimely because the division had "administrative notice" of the decision on January 28, 1987, the day the decision was rendered, but the director did not appeal until February 16, 1987. The record indicates that Form 651, the Employment Security Division "Request for Appeal to Review Board," was completed and filed with the local office within fifteen days from the date the referee's decision was mailed to Cano.

The rule is well-established in Indiana that where a statute providing for judicial review of an administrative order or decision contains a provision as to time for appeal, such provisions are mandatory as a condition precedent to the acquiring of jurisdiction of such an appeal. *See Teepe v. Review Board* (1964), 136 Ind.App. 331, 200 N.E.2d 538, 539–540 and cases cited therein. IND.CODE 22–4–17–3 contains such a provision. It provides in relevant part that:

> ... The parties shall be duly notified of such [referee's] decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days *after the date of notification or mailing of such decision,* an appeal is taken by the board or the director or by any party adversely affected by such decision to the review board. (Emphasis added.)

Therefore, the failure of the director to file a notice of intention to appeal the decision of the referee "within fifteen (15) days after the date of notification or mailing of the referee's decision" would be a fatal noncompliance, preventing the Review Board from acquiring jurisdiction over the parties or the case.

The language "after the date of notification or mailing of such decision" has remained in the code without change since

1947. *See* Acts 1947, ch. 208, § 1803 and Acts 1957, ch. 299, § 4. Our courts have repeatedly interpreted this provision as providing that the time for perfecting an appeal commences on either the date of mailing or on the date of receipt by the claimant, whichever occurs later, without distinction among the parties who could bring the appeal. *Compare Neal v. Review Board* (1972), 153 Ind.App. 630, 288 N.E.2d 561, 563, *trans. denied* (jurisdictional chain broken by claimant's failure to file notice of intention to appeal decision of referee within 15 days after notice *mailed* to her) with *O'Donoghue v. Review Board* (1980), Ind. App., 406 N.E.2d 1267, *trans. denied* (claimant had 15 days after *notification* of referee's decision within which to appeal to review board) and *Rich v. Review Board* (1981), Ind.App., 419 N.E.2d 187, 188, n. 2 (director's appeal not filed within 15 days of mailing of referee's original decision to claimant; no argument made that director received notification 15 or fewer days prior to his filing appeal.)

Cano cites no authority for his assertion that the fifteen day period begins to run against the director on the day he or she receives constructive notification of the referee's determination. Having discovered no such authority, we conclude that the director's request for appeal was timely because it was filed within 15 days of the date the referee's decision was mailed to the claimant.

## II.

Cano next argues that the procedures used by the Review Board denied him due process of law and violated the administrative regulations governing the appeal of an unemployment compensation determination. Again, we believe the principle of stare decisis necessitates that we resolve the questions raised adversely to Cano.

Cano maintains that the Review Board's failure to hold a hearing on the director's appeal violated 640 IAC 1–11–7 and I.C. 22–4–17–6, denying him due process of law. He also claims he was denied the right to present additional evidence.

Neither 640 IAC 1–11–7 nor any other regulatory or statutory provision requires the board to hold a hearing when an administrative review is requested. This court has held on several occasions that the Review Board may base its decision entirely on the record before the referee without notice to the parties that it is convening or that it has decided to deny the request for a hearing included in the request for appeal. *Frederick v. Review Board* (1983), Ind.App., 448 N.E.2d 1230, 1231, *trans. denied; Ryba v. Review Board* (1982), Ind.App., 435 N.E.2d 78, 81; *Alcoa v. Review Board* (1981), Ind.App., 426 N.E.2d 54, 57, *trans. denied; Whirlpool Corp. v. Review Board* (1982), Ind.App., 438 N.E.2d 775, 779. We have also determined that there is no procedural due process infirmity *per se* in this procedure, even though the Review Board chose not to accept additional evidence or decided not to adopt the referee's decision in toto. *Compare Ryba, supra* with *Whirlpool, supra; Alcoa, supra. See also Sloan v. Review Board* (1983), Ind.App., 444 N.E.2d 862 and *St. Mary's Medical Center of Evansville, Inc. v. Review Board* (1986), Ind.App., 493 N.E.2d 1275 (when credibility not determinative factor, "paper review" by board not denial of due process).

We also find no merit in Cano's claim he had a right to present additional evidence. We have repeatedly held that the decision to accept additional evidence is a discretionary matter for the Review Board. *See Whirlpool, supra; Alcoa, supra.*

As will become evident in our discussion of issue III, Cano did not genuinely dispute the essential facts presented to the referee. He argues in this section of the appeal only that the board failed to comply with the requirements of statute, thereby denying him due process. Having reaffirmed that neither the statutory framework nor the Constitution mandates a hearing in every appeal or the taking of additional evidence, we conclude that the board did not deny Cano due process of law.

Cano also argues that the Review Board's failure to notify him that the director had requested a review by the board denied him due process of law because he was not afforded the opportunity to obtain legal counsel for the purpose of opposing the appeal. While we agree with Cano that the guarantees of due process contained within our Constitutions provide the right to obtain and utilize representation at administrative evidentiary proceedings, *Berzins v. Review Board* (1982), Ind., 439 N.E.2d 1121, 1122, the board's assembling for purposes of consultation and disposition of matters pending before it is not an evidentiary proceeding or hearing requiring notice. *Alcoa, supra; Whirlpool, supra.* Moreover, the basic procedural right at issue in *Sotak v. Review Board* (1981), Ind.App., 422 N.E.2d 445 and *Leon-Roche v. Review Board* (1981), Ind.App., 419 N.E.2d 801, overruled 439 N.E.2d 1127, relied upon by Cano, is the right to a full and fair evidentiary hearing, not the right to counsel or notice thereof. *See Berzins, supra* at 1127. Cano was provided with an evidentiary hearing before the referee at which he was given the opportunity to have legal counsel oppose the division's determination on his behalf. Inasmuch as we have held that the Constitution does not require a second such evidentiary proceeding for Cano before the Review Board, and notice serves only to effectuate the right to a full and fair hearing by acting as an additional safeguard against an erroneous deprivation of the party's unemployment entitlement, *Berzins, id.*, requiring the board to give notice when a case is pending before it would be nothing but an otiose gesture. Accordingly, we conclude that the Review Board did not deny Cano due process of law by failing to notify him that the director had appealed.

### III.

Cano argues that the evidence before the Review Board was insufficient to establish that he received income *earned* during periods in which he was receiving unemployment benefits. He maintains that according to Indiana law he need only report income from work actually performed during the compensable week. Cano directs

us to I.C. 22–4–16–1 which provides that benefit rights shall be forfeited "if an individual knowingly fails to disclose amounts earned during any week in his ... benefit period ... with respect to which benefit rights are claimed, *or knowingly fails to disclose ... any fact which would have disqualified him or rendered him ineligible for benefits.*"

 Cano's argument overlooks the fact that Review Board grounded its determination upon the latter basis for forfeiture contained in I.C. 22–4–16–1: the knowing failure to disclose a fact which would render the individual ineligible for benefits. According to I.C. 22–4–15–4(a), an individual is ineligible for benefits "for any week with respect to which the individual receives, is receiving or has received" payments in the form of deductible income which equal or exceed the weekly benefit amount. Deductible income includes remuneration for services, sick pay, and payments in lieu of compensation. I.C. 22–4–5–1(a). Thus, Cano did have a duty to report the income at the time he received it, so that the division could determine if the payments affected his weekly benefit amount. *See Siddiqi v. Review Board* (1979), 180 Ind.App. 420, 388 N.E.2d 613, 619.

Cano does not dispute that he received a copy of the employment security division's booklet which explains that certain types of income are deductible from the weekly benefit amount and warns applicants to report the receipt of any such income. The evidence before the referee showed and Cano admitted that he received checks from Leaseway representing retroactive payment for an earlier trip, accrued sick days and miscellaneous earnings on or about March 21, 1986, June 13, 1986 and August 23, 1986. Cano conceded that he did not disclose the receipt of the checks when he received them and that he got unemployment compensation benefits associated with the same weeks.

The evidence sufficiently establishes that Cano knowingly failed to disclose certain facts and that those facts would have made him ineligible for benefits. *See Morrison*

*v. Review Board* (1977), 174 Ind.App. 49, 366 N.E.2d 189, 190. Since based upon the evidence in the record, reasonable men would not be bound to reach a conclusion different from that reached by the Review Board, *Adams et al. v. Review Board* (1957), 237 Ind. 63, 69, 143 N.E.2d 564, we will not disturb the Review Board's decision.

Judgment affirmed.

NEAL and CONOVER, JJ., concur.