STATE of Indiana On the Relation of Daniel GOODMAN, Relator,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, John C. Mowrer, Joe A. Harris and Nanette L. McDermott, as Members of and as Constituting The Review Board of the Indiana Department of Employment and Training Services, and Ideal Office Machines, Respondents.

No. 93S02–8808–EX–786.

Supreme Court of Indiana.

April 12, 1989.

Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for relator.

Linley E. Pearson, Atty. Gen., Robert K. Robisch, Deputy Atty. Gen., Indianapolis, for respondents.

## ON PETITION TO TRANSFER

PER CURIAM.

Today the Court is asked whether its holding in *State Board of Tax Commissioners v. LeSea Broadcasting Corporation* (1987), Ind., 511 N.E.2d 1009, extends to other administrative proceedings to allow the filing by mail of a party's notice of intent to appeal? We hold that it does.

Appellant Goodman was employed at the Ideal Office Machines (Ideal) from 1978 to 1987. After his discharge, Goodman applied for unemployment benefits. A referee determined that Goodman had been discharged without just cause and was entitled to benefits. Ideal appealed this determination to the Review Board of the Indiana Department of Employment and Training Services (Review Board). The Review Board determined that Goodman was not entitled to unemployment benefits and mailed its decision to him on August 5, 1987. Goodman's counsel sent a notice of intent to appeal by certified mail, return receipt requested, on August 17, 1987. The Review Board received the notice on August 21, 1987, sixteen days after the decision was mailed. Three days later, on August 24, the Review Board notified Goodman that he had failed to file a timely notice of intent to appeal and the Review Board had no further jurisdiction over the case.

Pursuant to Ind.Code § 34–1–58–1 and Ind.R.App.P. 4(C)[1], Goodman filed a Petition for Writ of Mandate requesting the Court of Appeals to order the Review Board to prepare and certify a record of proceedings for appeal. After receiving a response from the Review Board and a further reply from Goodman, the Court of Appeals denied the petition and dismissed the attempted appeal. Goodman then sought transfer to this Court.

Ind.Code § 22–4–17–11 governs the notice and perfection of appeals from decisions of the Review Board. Section 11(a) reads:

Any decision of the review board, in the absence of appeal as provided in this section, shall become final fifteen (15) days after the date the decision is mailed to the interested parties. The review board shall mail with the decision a notice informing the interested parties of their right to appeal the decision to the court of appeals of Indiana. The notice shall inform the parties that they have fifteen (15) days from the date of mailing within which to file a notice of intention to appeal, and that in order to perfect the appeal they must request the preparation of a transcript in accordance with section 12 [22–4–17–12] of this chapter.

The Court of Appeals, in addressing Goodman's argument, relied upon *Cano v. Review Board* (1987), Ind.App., 513 N.E.2d 670, stating in the order that it "finds that there is a long line of precedent concerning appeals from the decisions of the Review Board holding that procedures set out in the statute must be followed as a condition precedent to the acquiring of jurisdiction." The court found that the notice of intent to appeal was not timely filed as required by statute and case law and dismissed the appeal.

Goodman agrees that the procedures set out in the statute must be followed as a condition precedent to the acquiring of jurisdiction. Indeed, Goodman argues that he followed the procedures contained in Ind. Code § 22–4–17–11(a) by *filing* his notice of intent to appeal by certified mailing to the Review Board on the twelfth day after the Review Board mailed its decision to him. Goodman cites *LeSea Broadcasting* as authority for his argument. Goodman also points out that *Cano* was not concerned with the method of filing; instead, *Cano* holds that it is the actual mailing of the notice, not constructive notification, that triggers the fifteen day period for filing the notice of intent to appeal. *Cano*, 513 N.E.2d at 672.

The Review Board believes *LeSea Broadcasting* is inapplicable to this case because the holding applies to procedures governing appeals to the Indiana Tax Court. The notice of intent to appeal must be received, not mailed, within the fifteen day period in order to be filed, according to the Review Board.

The issue in *LeSea Broadcasting* was whether the mailing of the notice of intent to appeal within the time limits of Ind.Code § 6–1.1–15–5 constituted a filing with the State Board of Tax Commissioners. The statute provided that the notice of intent to appeal must be filed with the Board within forty-five days after the Board gives the taxpayer notice of the final determination. LeSea Broadcasting Corp. deposited its notice in the mail on the forty-fifth day. The Board filed a motion to dismiss with the Indiana Tax Court. Judge Fisher of the Indiana Tax Court ruled that the statute was silent both as to the method of filing and the definition of "filing" and found that the Indiana Rules of Trial Procedure applied. Accordingly, Judge Fisher ruled

---

**1.** Ind.Code § 34–1–58–1 reads in pertinent part: "... Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively." Appellate Rule 4(C) reads: "The Court of Appeals shall have jurisdiction to entertain actions in aid of its appellate jurisdiction and to review final decisions of the Full Industrial Board of Indiana, the Review Board of the Employment Security Division, and the Utility Regulatory Commission (formerly the Public Service Commission of Indiana) and review final decisions of administrative bodies, boards, and persons as provided by statute for the Appellate Court and Court of Appeals." The Full Industrial Board is now known as the Worker's Compensation Board and the Employment Security Division is now the Department of Employment and Training Services.

that notice as required by Ind.Code § 6–1.1–15–5 is timely filed, pursuant to Ind.R.Tr.P. 5(B)(2), when it is deposited into the United State Mail, addressed to the State Board of Tax Commissioners with postage prepaid, within the time specified under the statute. *LeSea Broadcasting,* 511 N.E.2d at 1013. This Court agreed with Judge Fisher and adopted his order in its entirety for the guidance of the bench and the bar and administrative offices of Indiana. *Id.*

Ind.Code § 22–4–17–11(a), like the statute involved in *LeSea Broadcasting,* is silent as to the method of filing. Notwithstanding the reference to Trial Rule 5(B)(2) in *LeSea Broadcasting,* we hold that Trial Rule 5(E)(2) applies in this situation. *See LeSea Broadcasting; see also Lincoln v. Board of Commissioners of Tippecanoe County* (1987), Ind.App., 510 N.E.2d 716, 723 (where statute is silent as to the method of computing when thirty (30) day statute of limitations begins and ends, Trial Rule 6 is applicable). The fairness in applying the rules of trial procedure where there is silence and, thus, no conflict in the statutory procedure, is in keeping with the holding of *Ball Stores, Inc. v. State Board of Tax Commissioners* (1974), 262 Ind. 386, 316 N.E.2d 674, and subsequent cases.

Appellant's "Petition for Transfer" is hereby GRANTED, the order of the Court of Appeals is vacated, and this cause is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.