

FILED

Jul 24 2023, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel A. Korban
George C. Patrick
George C. Patrick & Associates, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Jenny R. Buchheit
Ann  H. Stewart
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Santos,

*Appellant-Plaintiff,*

v.

Franciscan Health,

*Appellee-Defendant.*

July 24, 2023

Court of Appeals Case No.
22A-EX-2611

Appeal from the
Worker's Compensation Board of Indiana

The Honorable
Linda P. Hamilton, Chair

Application No.
C-254788

**Opinion by Judge Foley**
Judges Vaidik and Tavitas concur.

**Foley, Judge.**

[1]     Angela Santos ("Santos") appeals from the dismissal of her Application for
Adjustment of Claim ("Application") by the Full Board of the Worker's
Compensation Board of Indiana ("the Board"), which affirmed the

determination of the Single Hearing Member that concluded that her Application was untimely filed. Santos asserts that her Application was timely filed because, although Indiana Code section 22-3-3-3 is a non-claim statute, Indiana Trial Rules 5 and 6 apply to allow an application to be timely filed when the two-year time period after a work injury falls on a Sunday, and the applicant mails the application on the next business day via certified mail. Finding that the Board erred when it dismissed Santos's claim, we reverse and remand for further proceedings.

## Facts and Procedural History

[2] On December 5, 2019, Santos suffered an injury to her lower back during the course of and arising out of her employment with Franciscan Health. Santos's injury was accepted as compensable by Franciscan Health, and she was provided worker's compensation benefits pursuant to Title 22, Article 3 of the Indiana Code.

[3] Santos sought an adjustment of her claim. The deadline for Santos to file her Application was December 5, 2021, which fell on a Sunday. On Monday, December 6, 2021, Santos filed her Application with the Board via certified mail with return receipt requested. The Board received her Application on December 10, 2021. On April 6, 2022, Franciscan Health filed its motion to dismiss Santos's Application, arguing that it was not timely filed, and the Board therefore lacked jurisdiction to adjudicate the claim. The Board, by its Single Hearing Member, granted the motion without a hearing, finding that Indiana Code section 22-3-3-3 is a "non-claim statute with requirements that cannot be

set aside or excused" and that, under the statute, a claim is "extinguished if not exercised within the proscribed time limit." Appellant's App. Vol. 2 pp. 29–30. Because Santos's Application was not filed on or prior to December 5, 2021, it was found to be untimely, and her claim was dismissed. On June 2, 2022, Santos appealed the Single Hearing Member's Order to the Full Board, by filing her Application for Review by Full Board. Both parties filed briefs, and the Full Board held a hearing. On October 3, 2022, the Full Board issued an order affirming the Single Hearing Member's order. Santos now appeals.

## Discussion and Decision

[4] Santos argues that the Board erred in granting Franciscan Health's motion to dismiss her Application on the ground that it was not timely filed. "In reviewing a worker's compensation decision, an appellate court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion." *Christopher R. Brown, D.D.S., Inc. v. Decatur Cnty. Mem'l Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008). We examine the record only to determine whether there is substantial evidence and reasonable inferences that can be drawn therefrom to support the Board's findings and conclusion. *Id.* "'As to the Board's interpretation of the law, we employ a deferential standard of review of the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area.'" *Gilley's Antique Mall v. Sarver*, 157 N.E.3d 549, 552 (Ind. Ct. App. 2020) (quoting *Brown*, 892 N.E.2d at

646), *trans. denied*.  The Board will only be reversed if it incorrectly interpreted the Worker's Compensation Act.  *Id.*

[5]     Indiana Code section 22-3-3-3 provides that a worker's compensation claim must be filed within two years of an accident:

> The right to compensation under IC 22-3-2 through IC 22-3-6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

Ind. Code § 22-3-3-3(a).  Section 22-3-3-3 is a non-claim statute that "creates a right of action and has inherent in it the denial of a right of action."  *Gilley's Antique Mall*, 157 N.E.3d at 553 (citations omitted).  A non-claim statute should not be seen "merely as a statute of limitations."  *Ind. State Police v. Wiessing*, 836 N.E.2d 1038, 1048 (Ind. Ct. App. 2005) (citing *Ry. Exp. Agency v. Harrington*, 88 N.E.2d 175, 176 (Ind. Ct. App. 1949)), *trans. denied*.  While statutes of limitation create defenses that must be pled and waived, a non-claim statute creates an enforceable right of action unknown under the common law. *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1225 (Ind. 2021).  It creates "a condition attached to the right to recover" or "a condition precedent to the right to maintain the action."  *Wiessing*, 836 N.E.2d at 1048.  A non-claim statute is self-executing–unlike the general statute of limitations—and unless a party files a claim within the prescribed time, no enforceable right of action is created. *Blackford*, 172 N.E.3d at 1225.  "Non-claim statutes generally are not subject to equitable exceptions."  *Id.* (internal quotation marks omitted).

[6] Here, the Board found that Santos's Application was not timely filed because the time period under Indiana Code section 22-3-3-3 expired on December 5, 2021, and the Application was not filed until December 6, 2021. The Board further found that the statute is a non-claim statute with "requirements that cannot be set aside or excused," there is no ambiguity in the statute, and "the claim is extinguished if not exercised within the proscribed time limit." Appellant's App. Vol. 2 pp. 29–30. This determination by the Single Hearing Member was affirmed by the Full Worker's Compensation Board. There is no dispute that December 5, 2021, was the two-year anniversary of the occurrence of Santos's injury. The evidence showed that Santos mailed her Application via certified mail on December 6, 2021, and the Application was received by the Board on December 10, 2021; both of these dates are beyond the two-year deadline for filing the Application under the Worker's Compensation Act.

[7] Santos argues that because the Worker's Compensation Act ("the Act") is silent as to the manner in which an application must be filed, Trial Rules 5(F) and 6(A) apply to the two-year filing deadline under Indiana Code section 22-3-3-3, and as a result, her Application was filed timely. According to Santos, because the last day of the two-year period falls on a weekend or a holiday, the last day of her two-year period should be extended to the next business day after the weekend, which was December 6, 2021. Because she filed her Application by certified mail, return receipt requested, the Application is deemed filed as of the date of the mailing, which was December 6, 2021.

[8] Trial Rule 5 provides, in pertinent part:

The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:

. . . .

(3) Mailing to the clerk by registered, certified or express mail return receipt requested;

. . . .

Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit.

Ind. Trial Rule 5(F). Trial Rule 6 states in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is:

(1) a Saturday,

(2) a Sunday,

(3) a legal holiday as defined by state statute, or

(4) a day the office in which the act is to be done is closed during regular business hours.

> In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed.

T.R. 6(A).

[9] It is generally true that the Indiana Trial Rules do not govern or bind the Board. *LaGarda Sec. v. Lawalin*, 812 N.E.2d 830, 834 n.2 (Ind. Ct. App. 2004); *Josam Mfg. Co. v. Ross*, 428 N.E.2d 74, 75 (Ind. Ct. App. 1981); *Davis v. Webster*, 198 N.E.2d 883, 885 (Ind. Ct. App. 1964). "Each of the several administrative agencies is a creature of the Legislature," and "[t]he procedures to be followed in presenting matters to these agencies and in appeals therefrom are specifically set out in the statutes pertaining to each." *Clary v. Nat'l Friction Prods., Inc.*, 290 N.E.2d 53, 55 (Ind. 1972). The Trial Rules, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are presumptively not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority. *Id.*

[10] The Act itself, however, provides that the Board "may adopt rules . . . to carry into effect the worker's compensation law." I.C. § 22-3-1-3. As set forth in Title 631 of the Indiana Administrative Code, the Board affirmed that "[e]xcept as provided," it "will not be bound by any technical rules of practice *in conducting hearings . . . .*" 631 Ind. Admin. Code 1-1-3 (emphasis added). This language shows an intent by the Board to not be bound by Trial Rules in its procedure of conducting hearings but not in the filing procedure or the

computation of time for filing. Later in the same section, the Board expressly adopted certain Trial Rules, when it stated, "the board incorporates by reference the provisions of Trial Rules 26 through 37,[1] as amended, of the Indiana Rules of Trial Procedure, into this rule." *Id.* Under section 5 of the same rule, the Board specifically incorporated Trial Rule 5 as follows, "The board incorporates the provisions of Trial Rule 5, as amended, Indiana Rules of Trial Procedure, by reference into this rule for the purposes of the calculation of time limitations with regard to service and filing of documents with the board." 631 I.A.C. 1-1-5.

[11]   Franciscan Health argues that the Board only adopted Trial Rule 5 for filings made after the original application. We disagree. First, a plain reading of the rule provides no such limitation or distinction between an original application and subsequent filings, both of which constitute documents. Next, the Board's actions in the present case belie Franciscan Health's argument. Santos's Application was mailed via certified mail on December 6, 2021, and received by the Board on December 10, 2021. However, the Board marked the Application as filed on December 6, and the Single Hearing Member found the same in her order. Appellant's App. Vol. 2 p. 29. Therefore, the Board used Trial Rule 5 to find that the Application was filed on December 6, 2021.

---

[1] Trial Rules 26 through 37 involve discovery procedures, the taking of depositions, and sanctions for discovery violations.

[12] Santos relies on several cases for her assertion that both Trial Rules 5(F) and 6(A) should be applied to the filing of her Application under Indiana Code section 22-3-3-3(a). In *Ball Stores, Inc. v. State Board of Tax Commissioners*, 316 N.E.2d 674 (Ind. 1974), our Supreme Court held that, where the applicable statute was silent as to how to compute time when the last day of a limitations period falls on a Saturday, Sunday, or holiday, Trial Rule 6(A) can be applied to extend the filing period to the next day the office is open for business. *Id*. at 678. In *State Board of Tax Commissioners v. LeSea Broadcasting Corp.*, 511 N.E.2d 1009 (Ind. 1987), our Supreme Court further held that, where the applicable statute was silent as to the method of filing and the definition of filing, Trial Rule 5 applied to allow the statutorily-required notice to be timely filed when it is deposited into the United States Mail, addressed to the State Board of Tax Commissioners with postage prepaid, within the time specified under statute. *Id*. at 1013. Our Supreme Court extended the holdings from *Ball Stores* and *LeSea* to all administrative agencies in *State ex rel. Goodman v. Review Board of Indiana Department of Employment Training Services, et al.*, 536 N.E.2d 1023 (Ind. 1989), where it held that, if the applicable statutes are silent as to how a filing is to be accomplished or how the time for filing is to be computed, the Trial Rules should be utilized. *See id*. at 1025. In doing so, the Supreme Court stated, "[t]he fairness in applying the rules of trial procedure where there is silence and, thus, no conflict in the statutory procedure, is in keeping with the holding of *Ball Stores* . . . and subsequent cases." *Id*.

[13] Further, in *Inland Steel Co. v. Brown*, 496 N.E.2d 1332 (Ind. Ct. App. 1986) and *Wilks v. First National Bank of Mishawaka*, 326 N.E.2d 827 (Ind. Ct. App. 1975), two cases involving the Board, this court relied on *Ball Stores*, and held that where a statute is silent as to the computation of time, Trial Rule 6(A) can be applied to extend the time period for filing when the last day of the time period is a Saturday, Sunday, or holiday. *Brown*, 496 N.E.2d at 1334; *Wilks*, 326 N.E.2d at 830.

[14] In looking at all of these cases together, it is clear that the holdings lead us to the conclusion that, where the applicable statute is silent as to the methods of filing and the computation of time, both Trial Rule 5 and Trial Rule 6(A) apply. Here, the Act is silent as to how filing is to be accomplished and as to how the time for filing is to be computed. Therefore, Trial Rules 5 and 6(A) should be applied to Santos's Application. Because the last day of the two-year time period was on a Sunday, December 5, 2021, it was required to be filed on December 6, 2021, which Santos did by depositing the Application in the mail via certified mail on December 6, 2021.

[15] The Act is intended to be broadly construed for the benefit of the injured worker:

> We note that the Act is a humane enactment designed and intended for the protection of workmen who come within its provisions, which are and ought to be liberally construed and applied, so as to extend that protection to the ultimate good of the greatest possible number of workers; but the extent and limitation of its applicability also are fixed by those provisions

and we cannot, by judicial pronouncement, enlarge these beyond the obvious intent of the Legislature.

*Gilley's Antique Mall*, 157 N.E.3d at 554 (citing *Brown*, 892 N.E.2d at 649). Additionally, "doubts in the application of terms are to be resolved in favor of the employee, for the passage of the Act was designed to shift the economic burden of a work-related injury from the injured employee to the industry and, ultimately to the consuming public." *Talas v. Correct Piping Co.,* 435 N.E.2d 22, 28 (Ind. 1982). Application of Trial Rules 5 and 6(A) to the filing of an application before the Board is consistent with the stated intent to broadly construe the Act for the benefit and protection of employees.

[16] We do not find our conclusion to be in conflict with the Act's status as a non-claim statute. Although non-claim statues cannot be extended beyond their statutory deadlines, the application of Trial Rules 5 and 6(A) does not extend the two-year statutory deadline. Such application of the trial rules is merely a method to compute the time when the two-year anniversary of the employee's injury falls on a weekend, holiday, or other day the Board's offices are not open. Likewise, the application of Trial Rules 5 and 6(A) is not an equitable exception to the time period in the statute. Indiana Code section 22-3-3-3(a)'s status as a non-claim statute does not preclude the application of Trial Rules 5 and 6(A) to allow an application to be deemed filed when it is mailed via certified mail on the next business day after the offices have been closed.

[17] Additionally, we acknowledge cases holding that, with the exception of the rules incorporated by the Board, the Indiana Trial Rules do not apply to the

Board. *See Gilley's Antique Mall*, 157 N.E.2d at 553 n.6. Although this general proposition exists, *Ball Stores*, *LeSea*, and their progeny address a specific issue of what to do when a statute is silent as to how to define filing and how to compute time limitations as to the filing of documents filed with an administrative agency or board. We do not view these cases to be in conflict with the general proposition that the trial rules do not apply to the Board.

[18] Where a statute prescribes special rules of procedure for administrative proceedings or appeals therefrom, the statutory procedure will prevail when it conflicts with the Trial Rules. *LeSea*, 511 N.E.2d at 1013. However, where the statute does not conflict with the Trial Rules, but is merely silent as to a particular procedure, the Trial Rules can supply the missing procedure. *See id.* Here, the Act is silent as to how filing is to be defined and as to how the time for filing is to be computed, and we therefore conclude that under *Ball Stores*, *LeSea*, and their progeny, Trial Rules 5 and 6(A) apply. When we utilize the rules in the present case, Santos's Application, which was filed on December 6, 2021, was timely filed, and the Board erred in dismissing her Application as untimely. We reverse the order of the Board dismissing her Application and remand for further proceedings.

[19] Reversed and remanded.

Vaidik, J., and Tavitas, J., concur.